**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DERRICK JESUS ODEN SR., | ) Case No. CV 17-5639-AG (JPR) |
| Plaintiff, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND |
| | ) RECOMMENDATIONS OF U.S. |
| | ) MAGISTRATE JUDGE |
| STATE OF CALIFORNIA et al., | ) |
| Defendants. | ) |

The Court has reviewed de novo the Fourth Amended Complaint, the pleadings and records on file, and the Report and Recommendation of U.S. Magistrate Judge, which recommends that the motion to dismiss filed by Defendants Butler, Knowles, Lee, Nungaray, and Wofford be granted and that the claims against Defendant Parker, who has not been served or appeared in this action, be dismissed as well. See 28 U.S.C. § 636. On December 26, 2018, Plaintiff filed objections to the R. & R. Defendants filed a response on January 9, 2019.

Plaintiff's objections are written in the style of an amended pleading and fail to cite anything in particular in the R. & R. that he contends is incorrect. Indeed, the objections from page two on appear to be a verbatim copy of his objections

to the R. & R. in his related case in the Eastern District of California, which the district judge there promptly overruled. See Derrick Jesus Oden v. State of California, No. 1:14-cv-0873-LJO (BAM) (E.D. Cal. dismissed Dec. 7, 2018), appeal filed, Derrick Jesus Oden, Sr. v. J. Acebedo, No. 19-15052 (9th Cir. Jan. 9, 2019). The Court may take judicial notice of and consider "documents on file in federal or state courts." Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). Plaintiff's claims in this action were severed from those in his eastern-district case and transferred to this Court more than a year ago, and the R. & R. in his other case addressed different conduct by a distinct set of defendants. His choice to file a single generalized set of objections in both cases was not a good one. See United States v. Diaz-Lemus, No. CR-09-2613-TUC-DCB., 2010 WL 2573748, at *1 (D. Ariz. June 22, 2010) ("De novo review of a magistrate judge's opinion is unnecessary when a party makes general and conclusory objections that do not direct the court to a specific error" in the magistrate judge's analysis). Indeed, apparently because he simply copied his eastern-district objections, he nowhere addresses the Magistrate Judge's recommendation that the claims against Parker be dismissed for failure to serve unless Plaintiff showed cause otherwise. (See R. & R. at 17-18.)

To the extent the objections are relevant to his claims in this case, they are without merit. Plaintiff constructively objects to the Magistrate Judge's finding that Defendants are entitled to qualified immunity. (See Objs. at 9-10, 16-20.) As the Magistrate Judge discussed in her R. & R. (see R. & R. at 8-

2

10), a government official is entitled to qualified immunity unless the facts alleged, taken in the light most favorable to the party asserting the injury, show that the official violated a "clearly established" constitutional or statutory right. <u>Cmty. House, Inc. v. City of Boise</u>, 623 F.3d 945, 967 (9th Cir. 2010). A right is "clearly established when "any reasonable official in the defendant's shoes would have understood that he was violating it." <u>Kisela v. Hughes</u>, 138 S. Ct. 1148, 1153 (2018) (per curiam) (citation omitted). "Under [Supreme Court precedent], the clearly established right must be defined with specificity" and not at "a high level of generality." <u>City of Escondido v. Emmons</u>, __ U.S. __, 78 U.S.L.W. 24, 2019 WL 113027, at *2-3 (Jan. 7, 2019) (per curiam) (citation omitted) (vacating Ninth Circuit's denial of qualified immunity in part because it had not analyzed how case law prohibited officer's particular actions in specific case). For a right to be clearly established, the statutory or constitutional question must be "beyond debate." <u>Mullenix v. Luna</u>, 136 S. Ct. 305, 308 (2015) (per curiam) (citation omitted).

Plaintiff cites no case law showing that he has a clearly established right to be housed outside an area endemic for valley fever, much less that such a right existed in 2009, when the challenged conduct allegedly occurred. (<u>See</u> Objs. at 16-20 (citing cases that set forth general principles of qualified immunity; citing no case on valley fever)); <u>see also</u> <u>City of Escondido</u>, 2019 WL 113027, at *3 (recitation of general principles of qualified immunity insufficient to render particular right "clearly established"). Indeed he cannot,

because as the Magistrate Judge correctly found (see R. & R. at 10-14), no robust consensus of persuasive authority exists for the proposition that an inmate has a right to be housed in a nonendemic area. To the extent Plaintiff objects on this basis, that objection is meritless.

Plaintiff seems to argue that when prison officials know an inmate is particularly susceptible to contracting valley fever, it is clearly established that they cannot be deliberately indifferent to that serious medical risk. (See, e.g., Objs. at 19 (citing Kelley v. Borg, 60 F.3d 664, 667 (9th Cir. 1995) (holding that "Eighth Amendment rights in the prison medical context are clearly established" (emphasis omitted))).) He apparently objects to the Magistrate Judge's finding that he did not meet the criteria listed in a 2007 California Department of Corrections and Rehabilitation memorandum for determining which inmates should be housed outside endemic areas (see R. & R. at 14-16), arguing that in fact he satisfied one of those criteria and prison officials knew it (see Objs. at 7-8 & Ex. D). As the Magistrate Judge correctly observed, the 2007 memorandum cannot serve as clearly established law for qualified-immunity purposes. (See R. & R. at 15 (citing cases).) But even using the broader Kelley standard, the exhibit he attaches purporting to show that he met one of those medical criteria — which he also attached to his opposition to Defendants' motion to dismiss (see Opp'n, Ex. A-5) — indicates that he had a "TB Code" of 32 as of May 27, 2009 (see Objs., Ex. D), the same day Defendant Lee finalized his

transfer (see FAC at 6).[1]  Thus, it has no bearing on the other Defendants' earlier actions.

In any event, "TB" evidently refers to tuberculosis (see Objs. at 7), and section 91080.7 of the CDCR's Operations Manual provides that an inmate is given a TB code of 32 when he has had "a significant PPD reaction from prior exposure to TB that has already been prophylactially treated," "a significant PPD reaction from a prior case of TB Disease and has completed the required treatment," or "a diagnosis of TB Infection, but is not receiving prophylactic treatment due to medical contraindications."  Cal. Dep't of Corr. & Rehab., Operations Manual, art. 8, § 91080.7 (2018), https://www.cdcr.ca.gov/Regulations/Adult_Operations/docs/DOM/DOM%202018/2018%20DOM.pdf. Section 91080.7 was last revised on January 18, 1994, see id., and therefore was in effect at the time of the conduct challenged in the FAC.  That definition does not meet any of the criteria for identifying "susceptible inmate-patients" who "cannot be housed at institutions within the [valley-fever] hyperendemic area" that are listed in the memo on which Plaintiff relies. (See Opp'n, Ex. A-1 at 2.)  The relevant listed criterion requires "[c]hronic immunosuppressive therapy (e.g. severe rheumatoid arthritis)."  (See id.)  Plaintiff alleges only that "he had been exposed and tested '[p]ositive' for the deadly '[t]uberculosis' and was treated with an '[i]mmunosuppressive [d]rug [t]herapy' treatment for the [t]uberculosis anti-bodies."

---

[1] For nonconsecutively paginated documents, the Court uses the pagination generated by its Case Management/Electronic Case Filing System.

5

(Objs. at 7-8.) He does not allege that the therapy was "chronic" or ongoing in 2009, and "TB 32" does not signify that it was; therefore, even if his allegation were true, it would not satisfy the criterion in the memo. Thus, this objection is also without merit.

Finally, the objections purport to bring what appear to be new causes of action under the Fifth and 14th amendments. (See Objs. at 4-9 (implicating rights to substantive and procedural due process and equal protection).) New legal theories are not properly raised in objections to an R. & R. See Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988) (as amended) (upholding district court's refusal to consider claims raised for first time in objections to R. & R.), overruled on other grounds by United States v. Hardesty, 955 F.2d 1347, 1348 (9th Cir. 1992) (en banc); cf. Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012) (district court has discretion to consider pro se plaintiff's arguments and evidence presented for first time in objections to R. & R. when they support claims already alleged in operative pleading).

But even assuming that Plaintiff had constructively brought those causes of action in the FAC, they appear not to be viable. Prison reclassification and transfer decisions do not implicate any due-process liberty interest. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Renteria v. Yates, No. CV 1-08-00766-JMR., 2009 WL 530109, at *3 (E.D. Cal. Mar. 3, 2009) (applying Meachum to find that claim by inmate who contracted valley fever after prison transfer was not cognizable under Due Process Clause of 14th Amendment). Procedural due process

"imposes constraints on governmental decisions which deprive individuals" of certain liberty or property interests. <u>Mathews v. Eldridge</u>, 424 U.S. 319, 332 (1976). Typical such constraints include notice and an opportunity to be heard. <u>See</u> <u>id.</u> at 333-34. Plaintiff has not alleged that he was denied those things and has not described what additional "[p]rocedural [m]easures" he contends "should have been taken" (Objs. at 4) to protect his constitutional rights; even if he had, as noted above, he has not adequately pleaded a deprivation of any protected liberty or property interest.

To state an equal protection claim under the 14th Amendment, Plaintiff must show that some Defendant acted with an intent or purpose to discriminate against him based on his membership in a protected class. <u>See</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part <u>because of</u> a plaintiff's protected status." <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994) (as amended) (emphasis in original). Plaintiff nowhere alleges that any Defendant was motivated by discriminatory animus of any kind and does not describe any way in which he failed to "receive[] the same amount of safety/ protection ([m]edical [t]reatment) as other inmates" with similar health histories. (Objs. at 4.) Thus, even reading the FAC and objections together, Plaintiff has not adequately pleaded any Fifth or 14th amendment claim on any theory.

Having reviewed de novo those portions of the R. & R. to which Plaintiff objected, the Court accepts the findings and recommendations of the Magistrate Judge.

1    IT THEREFORE IS ORDERED that the moving Defendants' motion to
2 dismiss be GRANTED, the claims against Defendant Parker be
3 dismissed, judgment be entered in Defendants' favor, and this
4 action be dismissed with prejudice.

6 DATED: January 31, 2019        _____
7                                ANDREW J. GUILFORD
                                 U.S. DISTRICT JUDGE